**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0037-25

JOSEPH ZERBO,

     Plaintiff-Respondent,

v.

TRAN & TRAN CORPORATION,
and TIEN TRAN,

     Defendants-Respondents,

and

HOANG TRAN,

     Defendant-Appellant.

_____

        Submitted May 28, 2026 – Decided August 7, 2026

        Before Judges Mawla and Bishop-Thompson.

        On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-0864-19.

        David M. Shafkowitz, attorney for appellant.

Hankin Palladino Weintrob Bell & Labov, attorneys for respondent Joseph Zerbo (Stephen Hankin and Joshua K. Givner, on the brief).

PER CURIAM

Appellant Hoang Tran appeals from the August 1, 2025 order denying his motion to vacate the final judgment of default. We affirm.

In April 2016, Hoang,[1] his brother Tien, and their jointly owned corporation, Tran & Tran Corporation, executed a promissory note to secure a $200,000 loan at four percent interest from respondent Joseph Zerbo. Hoang signed the note both in his individual capacity and as vice president of the corporation. Defendants defaulted on the note in March 2017.

When defendants failed to cure the default, Zerbo filed a complaint in March 2019 seeking $216,320. The certified mail receipt confirms the corporation received the summons and complaint on March 7, 2019. The affidavit of service confirmed both Hoang and Tien were personally served on March 8, 2019, at their jointly owned multi-family residence in Philadelphia. Tien accepted service on Hoang's behalf as a "member of the household."

---

[1] Since defendants share a surname, we refer to them by their first names. No disrespect is intended.

None of defendants filed an answer, and default was entered. Zerbo then moved to enter final judgment, serving defendants by regular and certified mail. Hoang's certified mail receipt was returned with the signature of "H Tran," which he claims was signed by another family member. On August 30, 2019, the court granted Zerbo's unopposed motion and entered final judgment in the sum of $224,876.40 against all defendants.

Zerbo's efforts to collect the debt were delayed for approximately five years due to Hoang's and Tien's disappearance. After an investigation, Hoang was located in Florida. Upon receiving a subpoena for an asset discovery deposition, Hoang wrote to Zerbo's counsel, objecting to the subpoena and denying any involvement in the litigation, and claiming his signature was a forgery. On May 10, 2024, Zerbo's counsel mailed Hoang another copy of the final judgment, which Hoang confirmed receiving. Hoang continued to correspond with counsel, stated he would provide Tien's contact information, and offered to assist with a settlement.

On July 16, 2025, Hoang moved to vacate the April 30, 2019 final judgment. In support of his motion, Hoang stated Tien was not a member of his household in March 2019 and the brothers were co-owners of the multi-family property and resided in different units. He stated he was not aware of the

A-0037-25

litigation until 2024 when he received the asset deposition subpoena. Hoang claimed the judgment was void based on defective service, and alternatively, a meritorious defense existed, which justified vacation of the final judgment.

The motion was denied on August 1, 2025. In its oral decision, the court explained Hoang was aware of the complaint in 2019, and certainly in 2024 but took no action for one year. He provided no explanation for the five-year delay.

On appeal, Hoang argues the court erred in denying the motion to vacate, asserting he satisfied the requirements of Rule 4:50-1. He specifically claims entitlement to relief under Rule 4:50-1(a) and (d), and further contends relief is warranted under Rule 4:50-1(f) due to improper service of the complaint.

"[A] Rule 4:50-1 decision rests within 'the sound discretion of the trial court,' and [this court] will not disturb it 'absent an abuse of discretion.'" BV001 REO Blocker, LLC v. 53 W. Somerset St. Props., LLC, 467 N.J. Super. 117, 124 (App. Div. 2021) (quoting Mancini v. EDS ex rel N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993)). Thus, we review the denial of a motion to vacate a judgment under Rule 4:50-1 for abuse of discretion. 257-261 20th Ave. Realty, LLC v. Roberto, 477 N.J. Super. 339, 366 (App. Div. 2023). "A court abuses its discretion when its 'decision is made without rational explanation, inexplicably departed from established policies, or rested on an

4

impermissible basis.'" Pine Ridge Realty Assocs., LLC v. A.O., 483 N.J. Super. 487, 492 (App. Div. 2026) (quoting State v. Chavies, 247 N.J. 245, 257 (2021)). However, we review the trial court's legal conclusions de novo. Hopson v. Cirz, 482 N.J. Super. 232, 251 (App. Div. 2025).

Under subsection (a), the court may relieve a party or the party's legal representative from a final judgment on the grounds of mistake, inadvertence, surprise, or excusable neglect. R. 4:50-1. While subsection (d) permits a party to vacate a default judgment by demonstrating the judgment or order is void. Ibid. In such cases, the movant has "the overall burden of demonstrating that its failure to answer or otherwise appear and defend should be excused." Jameson v. Great Atl. & Pac. Tea Co., 363 N.J. Super. 419, 425-26 (App. Div. 2003). A motion brought under this Rule "shall be made within a reasonable time, . . . after the judgment, order[,] or proceeding was entered or taken." R. 4:50-2.

Rule 4:50-1(f) is a "catch-all" provision incapable of categorization. DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 269-70 (2009). Subsection (f) is grounded in equity, and as such, the court must consider all relevant circumstances in deciding whether a judgment must be reopened to correct an injustice. U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 484 (2012). It

5

allows for relief in exceptional situations where no other subsection of the rule applies.  257-261 20th Ave. Realty, LLC, 477 N.J. Super. at 367.

"[M]otions under subsection[] . . . (f) must be brought within a 'reasonable time,' which could be more or less than one year after the judgment, depending on the circumstances."  Romero v. Gold Star Distrib., LLC, 468 N.J. Super. 274, 296 (App. Div 2021) (quoting R. 4:50-2).  "[A] reasonable time is determined based upon the totality of the circumstances."  Ibid.  Rule 1:3-4(c) bars any expansion of the time limitations in Rule 4:50-2.

Hoang's argument suffers from the same fundamental flaw: he has not met his burden of demonstrating entitlement to relief under Rule 4:50-1.  Jameson, 363 N.J. Super. at 425-26.  His motion to vacate the final judgment—under subsections (a) and (d)—was filed five years after entry of judgment, well beyond the one-year limitation for such relief.

Hoang has likewise failed to demonstrate entitlement to relief under subsection (f).  The record shows Hoang was properly served both as an individual defendant and as a vice president of the corporation.  The court found Hoang likely knew about the complaint as early as 2019, and certainly by 2024.  Hoang offered no explanation for the significant delay in seeking to vacate the

A-0037-25

default judgment. The absence of a plausible explanation provided no factual basis to support a finding Hoang's delay in filing the motion was reasonable.

We conclude the trial court's ruling is supported by sufficient evidence in the motion record. The court properly denied Hoang's motion to vacate, and we discern no abuse of discretion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

7